**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-20868
Summary Calendar
_____

WOODY F. DUNCAN,

Plaintiff-Appellant,

VERSUS

EXXON CORPORATION,
d/b/a Exxon Chemical, U.S.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA H 93 1888)
_____

July 31, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Woody Duncan appeals the denial of his post-judgment motion challenging the summary judgment entered in this action charging his former employer, Exxon Corporation ("Exxon"), with violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Texas Commission on Human Rights Act

---

[*] Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that rule, the court has determined that this opinion should not be published.

("TCHRA"), TEX. REV. CIV. STAT. ANN. art. 5221k.  Finding no error, we affirm.

## I.

Duncan alleged that he was forced to resign because of his age and disability.  Exxon filed a motion for summary judgment asserting that Duncan was terminated because he had failed to comply with Exxon's policy on alcohol and drug use.  Following a hearing, the district court granted Exxon's motion and entered final judgment.

## II.

Summary judgment is appropriate if, "viewing all of the elements in the light most favorable to the non-movant, there is no genuine issue to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991) (internal quotations, citation, and footnote omitted).  If a movant carries his burden, the non-movant must set forth specific facts showing that there is a genuine issue for trial.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Summary judgment must be entered against the party who fails to establish elements essential to his case as to which he will bear the burden of proof at trial.  Id.

III.

Duncan contends that the district court erred in concluding that he had not presented a prima facie case of age discrimination under the ADEA. To establish a prima facie case, Duncan must have shown that he "(1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of the discharge; (4) was replaced by someone outside the protected class or (5) by someone younger, or (6) show otherwise that his discharge was because of age." Crum v. American Airlines, 946 F.2d 423, 428 (5th Cir. 1991) (quotation and citation omitted).

If Duncan had established a prima facie case, the burden would shift to Exxon to show a legitimate, non-discriminatory basis for the termination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981). If Exxon made that showing, the burden would shift to Duncan to show that the reason was merely a pretext for a discriminatory termination. See McDaniel v. Temple Indep. Sch. Dist., 770 F.2d 1340, 1346 (5th Cir. 1985).

The district court found that Duncan did not create a question of fact with respect to whether the reasons given for his discharge were a mere pretext for age discrimination. It is undisputed that Exxon discharged Duncan for failure to comply with its policy on alcohol and drug use. The evidence Duncan presented to show pretext included an internal memorandum and his affidavit of statements made by his supervisors.

With respect to the memorandum, it was a list of "thoughts and questions" related to possible disciplinary action against Duncan.

One of the questions asked was whether Duncan was over forty years old. Taken in the context of the entire memo, this does not show that Duncan was being considered for disciplinary action based upon his age, but rather it was simply to determine whether Duncan was in a protected class. Duncan also asserts that this memo shows that other cases of his alleged misconduct did not result in termination. Duncan, however, has not shown that he was given harsher treatment because of his age. "Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's [age] actually played a role in that process and had a determinative influence on the outcome." Hazen Paper Co. v. Biggins, 113 S. Ct. 1701, 1706 (1993); see also Purcell v. Sequin State Bank & Trust Co., 999 F.2d 950, 955-58 (5th Cir. 1993).

In Hazen, the Court concluded that firing an employee because his pension was about to vest was not, in and of itself, enough to show a violation of the ADEA, because that decision was based upon years of service, not age. Id. at 1706-08. The Court noted that such behavior may not be lawful, but it was not a violation of the ADEA. Id. at 1707. The Court gave the following example: "It cannot be true that an employer who fires an older black worker because the worker is black thereby violates the ADEA. The employee's race is an improper reason, but it is improper under Title VII, not the ADEA." Id.

The statements made by Duncan's supervisors do not suggest that Duncan's age was a determining factor in his termination. The

4

supervisors noted that Duncan had worked for Exxon for over twenty years and that he would be eligible for retirement in a few years. One of the supervisors commented that it was not worth paying Duncan $55,000 a year for the six years it would take him to reach early retirement age. None of these statements shows that Duncan was discharged because Exxon believed his productivity had fallen because of his age. See Hazen, id. at 1706. Although Duncan's evidence may raise a question as to whether he was unjustly discharged, it does not create a genuine issue of material fact that he was unjustly discharged because of his age. Accordingly, the district court did not err in granting summary judgment under the ADEA.

IV.

Duncan also asserts that the district court erred in finding that there was no genuine issue of material fact that he had been dismissed as a result of the disability in violation of the TCHRA. Under the TCHRA, a complainant must show that he was disabled and that he was terminated solely because of the disability. See McIntyre v. Kroger Co., 863 F. Supp. 355, 357-58 (N.D. Tex. 1994). The court granted summary judgment because it found that Duncan had not shown any relationship between his termination and his medical problem (an inner ear disorder).

Duncan presented his own affidavit of statements made by his supervisors that they were aware of his health problems. Although these statements confirm that Exxon knew of his inner ear problems

5

and earlier back condition, they do not show that these problems motivated his discharge. To the contrary, the comments are directed to whether it would be prudent to discharge Duncan because of his medical problems. The evidence suggests that Exxon may have considered not terminating Duncan because of potential problems resulting from his medical condition, not that he was being discharged because of his medical condition. The district court did not err in granting summary judgment on this claim and did not abuse its discretion in denying Duncan's post-judgment motion.

AFFIRMED.